# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| PERSONALIZED MEDIA COMMUNICATIONS, LLC, § § § § § | |
| Plaintiff, § | |
| v. § § | Civil Action No. 2:12-cv-68 |
| ZYNGA, INC., § § | JURY DEMANDED |
| Defendant. § § § § § § | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Personalized Media Communications, LLC ("Personalized Media") files this Complaint against Defendant Zynga, Inc. and alleges as follows:

## THE PARTIES

1. Personalized Media is a limited liability company duly organized and existing under the laws of the State of Texas, with its principal place of business in Sugar Land, Texas. Personalized Media is the owner of over fifty patents. After careful investigation, Personalized Media has determined that four of its patents have been and will continue to be infringed by Defendant unless enjoined by this Court.

2. Defendant Zynga, Inc. is a Delaware corporation, with its principal place of business at 699 Eight Street San Francisco, CA 94103. Zynga, Inc. may be served with process by serving Corporation Service Company, 2711 Centerville Road, Suite 400, County of New Castle, Wilmington, DE 19808.

3. Zynga, Inc. does business in Dallas, Texas and McKinney, Texas.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 271 *et seq.*

5. The Court has personal jurisdiction over Defendant because it has committed acts within Texas and this judicial district giving rise to this action and has established minimum contacts with the forum such that the exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice.

6. Defendant has committed acts within this judicial district giving rise to this action (including committing and/or inducing acts of patent infringement in this district) and does business in this district, including offering for sale, making sales, and providing information, services, and support to its customers and the general public in this district. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(b).

7. Zynga, Inc. (hereinafter "Zynga") is the world's leading social game developer with 227 million average monthly active users, including residents of Texas and this District. It regularly, directly or through intermediaries, deploys, distributes, advertises, and offers social-network games to residents of the State of Texas and maintains an office in Dallas, Texas. Zynga gathers daily, player feedback from millions of monthly active users, including residents of Texas, through hugely successful social-networking games such as CityVille and FarmVille.

8. Zynga With Friends Studios is the trade name for Zynga's game development business principally run out of McKinney, Texas. That business develops and deploys social social-networking games, such as Words With Friends and Hanging With Friends.

9. Zynga has purposefully and voluntarily placed one or more of its social-networking games into the stream of commerce with the expectation that they will be

downloaded, accessed, and used by consumers in the State of Texas, and specifically within this District.  Those social-networking games have been and continue to be downloaded, accessed, and used by consumers in the State of Texas and within this District.

## FACTUAL BACKGROUND

10.   Personalized Media owns a seminal intellectual property portfolio that covers the use of control and information signals embedded in electronic media content to generate output for display that is personalized and relevant to a user.  Its technologies are platform-agnostic. They can be delivered by any electronic-media delivery system, including, but not limited to, the Internet, intranet, cellular wireless, cable networks, and satellite networks, and they run on any electronic equipment capable of delivering media, such as PCs, laptops, tablets, smartphones, set-top boxes, televisions, and game consoles.  Its intellectual property portfolio contains over fifty patents, with additional patent applications pending.

11.   Zynga makes, uses, sells, offers for sale, and imports into the United States social-networking games such as Treasure Isle, CastleVille, Pioneer Trail (FrontierVille), Indiana Jones Adventure World, CityVille, Empires & Allies, FarmVille, Zynga Poker, Café World, FishVille, PetVille, Vampire Wars, YoVille, Hanging With Friends, Words with Friends, DreamZoo, CityVille Holidaytown/Hometown, Chess with Friends, Word Scramble, Drop 7, and other social-networking games that provide personalized and relevant presentation to a user.

12.   The aforementioned products are collectively referred to herein as the "Accused Products."

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 7,797,717 [CLAIM 1]

13.   Personalized Media incorporates the allegations in paragraphs 1 through 12.

14.     On September 14, 2010, United States Patent No. 7,797,717 (the '717 Patent) was duly and legally issued for an invention entitled "Signal processing apparatus and methods." Personalized Media was assigned the '717 Patent, and it continues to hold all rights, title, and interest in the '717 Patent. A true and correct copy of the '717 Patent is attached hereto as Exhibit 1.

15.     The normal operation of the Accused Products practices the method described in at least Claim 1 of the '717 Patent.

16.     Defendant makes, uses, sells, offers for sale, and imports into the United States Accused Products that practice the method described in at least Claim 1 of the '717 Patent. Defendant's actions constitute direct infringement of the '717 Patent in direct violation of 35 U.S.C. § 271(a).

17.     Defendant, having knowledge of the '717 Patent and knowledge that the normal operation of the Accused Products would practice the method described in at least Claim 1 of the '717 Patent, provides its customers and the general public with information and directions on how to use the Accused Products in a way that induces its customers and the general public to practice the method described in at least Claim 1 of the '717 Patent. Defendant's actions constitute inducement of infringement in direct violation of 35 U.S.C. § 271(b).

18.     Defendant offers to sell and sells within the United States, and imports into the United States components of Accused Products that constitute a material part of the Accused Products. Defendant knows those components to be especially made or especially adapted for use in the Accused Products, and those components are not a staple article or commodity of commerce suitable for substantial non-infringing use. Defendant's actions, in providing those components with the knowledge that they constitute a material component of the Accused

Products, without substantial non-infringing use, contribute to the manufacture, use, sale, offer for sale, and importation into the United States of such products and services by Defendant's customers who play the Accused Products and, thus, practice the method described in at least Claim 1 of the '717 Patent.  Defendant's actions constitute contributory infringement in direct violation of 35 U.S.C. § 271(c).

19. Defendant's acts of direct infringement, inducement of infringement, and contributory infringement have caused damage to Personalized Media, and Personalized Media is entitled to recover from Defendant the damages sustained by Personalized Media as a result of Defendant's wrongful acts in an amount subject to proof at trial.  Defendant's infringement of Personalized Media's exclusive rights under the '717 Patent will continue to damage Personalized Media's business, causing irreparable harm for which there is no adequate remedy at law, unless it is enjoined by this Court.

20. Defendant's infringement of the '717 Patent is willful and deliberate, entitling Personalized Media to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 7,908,638 [CLAIM 1]

21. Personalized Media incorporates the allegations in paragraphs 1 through 20.

22. On March 15, 2011, United States Patent No. 7,908,638 (the '638 Patent) was duly and legally issued for an invention entitled "Signal processing apparatus and methods." Personalized Media was assigned the '638 Patent, and it continues to hold all rights, title, and interest in the '638 Patent.  A true and correct copy of the '638 Patent is attached hereto as Exhibit 2.

23. The normal operation of the Accused Products practices the method described in at least Claim 1 of the '638 Patent.

24. Defendant makes, uses, sells, offers for sale, and imports into the United States Accused Products that practice the method described in at least Claim 1 of the '638 Patent. Defendant's actions constitute direct infringement of the '638 Patent in direct violation of 35 U.S.C. § 271(a).

25. Defendant, having knowledge of the '638 Patent and knowledge that the normal operation of the Accused Products would practice the method described in at least Claim 1 of the '638 Patent, provides its customers and the general public with information and directions on how to use the Accused Products in a way that induces its customers and the general public to practice the method described in at least Claim 1 of the '638 Patent. Defendant's actions constitute inducement of infringement in direct violation of 35 U.S.C. § 271(b).

26. Defendant's offers to sell and sells within the United States, and imports into the United States components of Accused Products that constitute a material part of the Accused Products. Defendant knows those components to be especially made or especially adapted for use in the Accused Products, and those components are not a staple article or commodity of commerce suitable for substantial non-infringing use. Defendant's actions, in providing those components with the knowledge that they constitute a material component of the Accused Products, without substantial non-infringing use, contribute to the manufacture, use, sale, offer for sale, and importation into the United States of such products and services by Defendant's customers who play the Accused Products and, thus, practice the method described in at least Claim 1 of the '638 Patent. Defendant's actions constitute contributory infringement in direct violation of 35 U.S.C. § 271(c).

27.     Defendant's acts of direct infringement, inducement of infringement, and contributory infringement have caused damage to Personalized Media, and Personalized Media is entitled to recover from Defendant the damages sustained by Personalized Media as a result of Defendant's wrongful acts in an amount subject to proof at trial.  Defendant's infringement of Personalized Media's exclusive rights under the '638 Patent will continue to damage Personalized Media's business, causing irreparable harm for which there is no adequate remedy at law, unless it is enjoined by this Court.

28.     Defendant's infringement of the '638 Patent is willful and deliberate, entitling Personalized Media to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT III
## INFRINGEMENT OF U.S. PATENT NO. US 7,734,251 [CLAIM 17]

29.     Personalized Media incorporates the allegations in paragraphs 1 through 28.

30.     On June 8, 2010, United States Patent No. 7,734,251 (the '251 Patent) was duly and legally issued for an invention entitled "Signal processing apparatus and methods." Personalized Media was assigned the '251 Patent, and it continues to hold all rights, title, and interest in the '251 Patent.  A true and correct copy of the '251 Patent is attached hereto as Exhibit 3.

31.     The normal operation of the Accused Products practices the method described in at least Claim 17 of the '251 Patent.

32.     Defendant makes, uses, sells, offers for sale, and imports into the United States Accused Products that practice the method described in at least Claim 17 of the '251 Patent. Defendant's actions constitute direct infringement of the '251 Patent in direct violation of 35 U.S.C. § 271(a).

33. Defendant, having knowledge of the '251 Patent and knowledge that the normal operation of the Accused Products would practice the method described in at least Claim 17 of the '251 Patent, provides its customers and the general public with information and directions on how to use the Accused Products in a way that induces its customers and the general public to practice the method described in at least Claim 17 of the '251 Patent. Defendant's actions constitute inducement of infringement in direct violation of 35 U.S.C. § 271(b).

34. Defendant's offer to sell and sell within the United States, and import into the United States components of Accused Products that constitute a material part of the Accused Products. Defendant knows those components to be especially made or especially adapted for use in the Accused Products, and those components are not a staple article or commodity of commerce suitable for substantial non-infringing use. Defendant's actions, in providing those components with the knowledge that they constitute a material component of the Accused Products, without substantial non-infringing use, contribute to the manufacture, use, sale, offer for sale, and importation into the United States of such products and services by Defendant's customers who play the Accused Products and, thus, practice the method described in at least Claim 17 of the '251 Patent. Defendant's actions constitute contributory infringement in direct violation of 35 U.S.C. § 271(c).

35. Defendant's acts of direct infringement, inducement of infringement, and contributory infringement have caused damage to Personalized Media, and Personalized Media is entitled to recover from Defendant the damages sustained by Personalized Media as a result of Defendant's wrongful acts in an amount subject to proof at trial. Defendant's infringement of Personalized Media's exclusive rights under the '251 Patent will continue to damage

Personalized Media's business, causing irreparable harm for which there is no adequate remedy at law, unless it is enjoined by this Court.

36.     Defendant's infringement of the '251 Patent is willful and deliberate, entitling Personalized Media to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT IV
## INFRINGEMENT OF U.S. PATENT NO. 7,860,131 [CLAIM 1]

37.     Personalized Media incorporates the allegations in paragraphs 1 through 36.

38.     On December 28, 2010, United States Patent No. 7,860,131 (the '131 Patent) was duly and legally issued for an invention entitled "Signal processing apparatus and method." Personalized Media was assigned the '131 Patent, and it continues to hold all rights, title, and interest in the '131 Patent. A true and correct copy of the '131 Patent is attached hereto as Exhibit 4.

39.     The normal operation of the Accused Products practices the method described in at least Claim 1 of the '131 Patent.

40.     Defendant makes, uses, sells, offers for sale, and imports into the United States Accused Products that practice the method described in at least Claim 1 of the '131 Patent. Defendant's actions constitute direct infringement of the '131 Patent in direct violation of 35 U.S.C. § 271(a).

41.     Defendant, having knowledge of the '131 Patent and knowledge that the normal operation of the Accused Products would practice the method described in at least Claim 1 of the '131 Patent, provides its customers and the general public with information and directions on how to use the Accused Products in a way that induces its customers and the general public to

practice the method described in at least Claim 1 of the '131 Patent. Defendant's actions constitute inducement of infringement in direct violation of 35 U.S.C. § 271(b).

42. Defendant offers to sell and sells within the United States, and imports into the United States components of Accused Products that constitute a material part of the Accused Products. Defendant knows those components to be especially made or especially adapted for use in the Accused Products, and those components are not a staple article or commodity of commerce suitable for substantial non-infringing use. Defendant's actions, in providing those components with the knowledge that they constitute a material component of the Accused Products, without substantial non-infringing use, contribute to the manufacture, use, sale, offer for sale, and importation into the United States of such products and services by Defendant's customers who play the Accused Products and, thus, practice the method described in at least Claim 1 of the '131 Patent. Defendant's actions constitute contributory infringement in direct violation of 35 U.S.C. § 271(c).

43. Defendant's acts of direct infringement, inducement of infringement, and contributory infringement have caused damage to Personalized Media, and Personalized Media is entitled to recover from Defendant the damages sustained by Personalized Media as a result of Defendant's wrongful acts in an amount subject to proof at trial. Defendant's infringement of Personalized Media's exclusive rights under the '131 Patent will continue to damage Personalized Media's business, causing irreparable harm for which there is no adequate remedy at law, unless it is enjoined by this Court.

44. Defendant's infringement of the '131 Patent is willful and deliberate, entitling Personalized Media to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Personalized Media respectfully prays that upon final trial a judgment be entered and that the following relief be granted:

(1)  For judgments that the '717 Patent, the '638 Patent, the '251 Patent, and the '131 Patent have been and will continue to be infringed by Defendant;

(2)  For an accounting of all damages sustained by Personalized Media as a result of the acts of patent infringement by Defendant;

(3)  For actual damages together with prejudgment interest against Defendant as a result of its acts of patent infringement;

(4)  For enhanced damages pursuant to 35 U.S.C. § 284 against Defendant;

(5)  For awards of attorneys' fees pursuant to 35 U.S.C. § 285 against Defendant;

(6)  For all costs of suit, prejudgment interest, and post-judgment interest as allowed by law; and

(7)  For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff Personalized Media demands a trial by jury.

Dated:  February 10, 2012                             Respectfully submitted,

  /s/*Brett C. Govett*
Brett C. Govett
Texas Bar No. 08235900
Email:  bgovett@fulbright.com
*Lead Attorney*
Miriam L. Quinn
Texas Bar No. 24037313
Email:  mquinn@fulbright.com

FULBRIGHT & JAWORSKI L.L.P.
2200 Ross Avenue, Suite 2800
Dallas,  Texas  75201-2784
Telephone:  (214) 855-8000
Facsimile:  (214) 855-8200

Robert S. Harrell
Texas Bar No. 9041350
Email: rharrell@fulbright.com
Eric B. Hall
Texas Bar No. 24012767
Email:  ehall@fulbright.com

FULBRIGHT & JAWORSKI L.L.P.
1301 McKinney, Suite 5100
Houston,  TX  77010-3095
Telephone:  (713) 651-5151
Fascimile:  (713) 651-5246