# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| PERSONALIZED MEDIA COMMUNICATIONS, LLC | § § § § § § § | Case No. 2:12-CV-00068-JRG-RSP |
| v. | | |
| ZYNGA, INC. | | |

## MEMORANDUM ORDER

Before the Court is PMC's Emergency Motion For Leave To Challenge Dr. Fox's Second Supplemental Expert Report and Emergency Motion To Exclude Dr. Fox's Second Supplemental Report And The Opinions It Contains (Dkt. 215, referred to herein as the "Motion").

## APPLICABLE LAW

An expert witness may provide opinion testimony if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.

Rule 702 requires a district court to make a preliminary determination, when requested, as to whether the requirements of the rule are satisfied with regard to a particular expert's proposed testimony. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999); *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592-93 (1993). District courts are accorded broad discretion in making Rule 702 determinations of admissibility. *Kumho Tire*, 526 U.S. at 152 ("the trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable"). Although the Fifth Circuit and other courts have identified various factors that the district court may consider in determining

whether an expert's testimony should be admitted, the nature of the factors that are appropriate for the court to consider is dictated by the ultimate inquiry—whether the expert's testimony is sufficiently reliable and relevant to be helpful to the finder of fact and thus to warrant admission at trial. *United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010).

Importantly, in a jury trial setting, the Court's role under *Daubert* is not to weigh the expert testimony to the point of supplanting the jury's fact-finding role; instead, the Court's role is limited to that of a gatekeeper, ensuring that the evidence in dispute is at least sufficiently reliable and relevant to the issue before the jury that it is appropriate for the jury's consideration. *See Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1391-92 (Fed. Cir. 2003) (applying Fifth Circuit law) ("When, as here, the parties' experts rely on conflicting sets of facts, it is not the role of the trial court to evaluate the correctness of facts underlying one expert's testimony."); *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 249-50 (5th Cir. 2002) ("'[t]he trial court's role as gatekeeper [under Daubert] is not intended to serve as a replacement for the adversary system.' . . . Thus, while exercising its role as a gate-keeper, a trial court must take care not to transform a *Daubert* hearing into a trial on the merits," quoting Fed. R. Evid. 702 advisory committee note). As the Supreme Court explained in *Daubert*, 509 U.S. at 596, "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002).

## DISCUSSION

### I. Motion for Leave

In the Motion, PMC seeks leave to challenge the Report. PMC contends that Dr. Fox's allegedly improper enablement standard was presented for the first time in the Report, the Court should grant leave for PMC to challenge the Report. (Mot. at 2-3.) Zynga argues that PMC's

report is untimely because the Report simply "expands upon" Dr. Fox's initial report, PMC's failure to challenge the original report render its attempt to challenge the Report improper. (Resp. at 2-3.) Due to the great risk of undue prejudice if PMC's assertions are true, the Court hereby **GRANTS** PMC leave to challenge the Report.

## II. Motion to Exclude

PMC objects to Dr. Fox's opinions because in his Second Supplemental Expert Report (the "Report"), Dr. Fox allegedly "does not apply the correct legal standard applicable to enablement." (Mot. at 4.)

Dr. Fox's analysis revolves around whether the specification enables Zynga's games. (Rept. at 4, 6, 12, 14-15.) As one example, Dr. Fox states that "[t]he asserted patents do not teach the necessary compression technology required by and fundamental to the operation of the accused games." (Id. at 14-15.)

It is well established that in order to satisfy 35 U.S.C. §112, "the specification of the patent must teach those skilled in the art how to make and use the full scope of the claimed invention without undue experimentation." *Genentech, Inc. v. NovoNordisk, A/S*, 108 F.3d 1361, 1365, 42 U.S.P.Q.2D (BNA) 1001, 1004 (Fed. Cir. 1997); *see also Sitrick v. DreamWorks, LLC*, 516 F.3d 993, 999 (Fed. Cir. 2008). In other words, "a patentee who chooses broad claim language must make sure the broad claims are fully enabled." *Sitrick*, 516 F.3d at 999. However, the question of enablement turns on the language of the claims and the court's construction of that language. *See, e.g., Automotive Technologies International, Inc. v. BMW of North America*, 501 F.3d 1274, 1282 (Fed. Cir. 2007); *ALZA Corp. v. Andrx Pharmaceuticals, LLC* 603 F.3d 935, 938 (Fed. Cir. 2010). In fact, the Federal Circuit has clearly and explicitly held that "[t]he dispositive question of enablement **does not turn on whether the accused product is enabled**." *Durel Corp. v. Osram Sylvania Inc.*, 256 F.3d 1298, 1306 (Fed. Cir. 2001) (emphasis added).

Dr. Fox's use of the accused games as the touchstone for enablement is contrary to the Federal Circuit's mandate in *Durel*. Because Dr. Fox misstates the law regarding enablement, the Court finds that the subject matter reflected in the Report is not sufficiently reliable and relevant to the issues before the jury, and should thus be excluded under Federal Rule of Evidence 702 and *Daubert*.

Furthermore, due to Dr. Fox's error regarding the law of enablement, the opinion set forth in the Report is methodologically flawed and likely to be misleading to the jury. The Court therefore finds that the Report should also be excluded under Federal Rule of Evidence 403 as its relevance is outweighed by the high risk of prejudice if the opinions contained within are presented to the jury.

The Court **GRANTS** PMC's Motion to Exclude Dr. Fox's Second Supplemental Report And The Opinions It Contains.

## CONCLUSION

Having considered all of PMC's objections to Dr. Fox's opinions, PMC's PMC's Emergency Motion For Leave To Challenge Dr. Fox's Second Supplemental Expert Report and Emergency Motion To Exclude Dr. Fox's Second Supplemental Report And The Opinions It Contains (Dkt. No. 215) is **GRANTED**.

**SIGNED this 7th day of November, 2013.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE