# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| PERSONALIZED MEDIA COMMUNICATIONS, LLC | § § § | |
| v. | § § § § | Case No. 2:12-CV-68-JRG-RSP |
| ZYNGA INC. | | |

# DEFENDANT ZYNGA INC.'S MOTION TO STAY PENDING RESOLUTION OF CONCURRENT *INTER PARTES* REVIEW PROCEEDINGS

On October 30, 2013, the Honorable Roy S. Payne granted Plaintiff Personalized Media Communications, LLC's ("PMC's") motion *in limine* precluding Defendant Zynga Inc. from informing the jury of the pending *inter partes* reviews ("IPRs") of the patents-in-suit. Dkt. No. 213 at 2. In light of this ruling, and the other factors discussed below, Zynga respectfully requests that this case be stayed pending the resolution of the IPR proceedings at the Patent and Trademark Office ("PTO").

Because of the status of the IPRs, it is possible, if not probable, that the resolution of the IPR proceedings will significantly narrow, if not entirely resolve, this dispute between the parties. The delay in this matter would be minimal. Oral argument in the IPRs is scheduled for April 2014, with the Board's decision to follow shortly thereafter. Most important, Zynga should not have to risk the possibility of a substantial adverse judgment based on patents that should never have issued in the first place. *See Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1340–42 (Fed. Cir. 2013) (holding that cancellation of claims by the PTO moots any pending litigation on those claims where no final judgment has been entered, *i.e.*, even where invalidity and infringement issues on those same claims have been conclusively decided at the district and appellate courts, and only damages or other relief determinations remain), *reh'g denied*, 2012-1334, 2013 WL 5924588 (Fed. Cir. Nov. 5, 2013).

I.  **Statement of Facts**

PMC filed its complaint on February 10, 2012, averring that Zynga infringed U.S. Patents Nos. 7,860,131; 7,734,251; 7,908,638; and 7,797,717. Zynga answered in May 2012, denying infringement and asserting counterclaims of, *inter alia*, invalidity and unenforceability. In September 2012, *inter partes* review became available pursuant to the America Invents Act. In February 2013, Zynga requested IPR proceedings challenging the validity of the asserted patents

at the PTO. PMC responded in May 2013, arguing that the Board should not initiate IPR proceedings. On July 25, 2013, over PMC's objection, the Board instituted *inter partes* review with respect to each asserted claim of every patent-in-suit. Oral argument in the IPR proceedings is set for April 22, 2014, approximately five months after the jury trial in this matter as presently scheduled. Pursuant to 35 U.S.C. § 316(a)(11), the Board must issue its final decision by July 25, 2014, within twelve months of the July 2013 institution decisions.[1]

## II. Argument

Courts generally consider three factors in determining whether to stay litigation pending the outcome of concurrent PTO proceedings: "(1) whether a stay will unduly prejudice or provide a tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question; and (3) whether the litigation is at an early stage." *E-Watch, Inc. v. Lorex Canada, Inc.*, Civ. Action No. H–12–3314, 2013 WL 5425298, at *1 (S.D. Tex. Sept. 26, 2013) (granting stay pending *inter partes* review); *see also Neste Oil OYJ v. Dynamic Fuels, LLC*, Civ. Action No. 12–1744, 2013 WL 3353984, at *1 (D. Del. July 2, 2013) (stating similar factors); *Microlinc, LLC v. Intel Corp.*, Civil Action No. 2:07–CV–488 TJW, 2010 WL 3766655, at *1 (E.D. Tex. Sept. 20, 2010) (stating similar factors and granting stay pending reexamination).

### A. PMC Will Not Be Prejudiced By a Stay.

A stay will not unduly prejudice PMC, a non-practicing entity. The delay in this case—assuming it is not mooted—should be minimal. As noted *supra*, oral argument in the IPR proceedings is scheduled on April 22, 2014, less than six months from now, with a decision to follow shortly thereafter. The PTO is required by statute to issue its final written determination

---

[1] The Chief Administrative Patent Judge may extend this time period by up to six months for "good cause." 37 C.F.R. § 42.100(c). Neither Zynga nor PMC has sought an extension in the pending IPRs, and in any event, "[e]xtensions of the one year period are anticipated to be rare." Changes to Implement Inter Partes Review Proceedings, Post-Grant Review Proceedings, and Transitional Program for Covered Business Method Patents; Final Rule, 77 Fed. Reg. 48,680, 48695 (Aug. 14, 2012).

2

on validity within twelve months of deciding to initiate an IPR, with one possible six-month extension for "good cause" shown. *See* 35 U.S.C. § 316(a)(11). Neither Zynga nor PMC has moved to extend this deadline in the pending IPRs. Therefore, the Board should render its decision on the patentability of the claims-in-suit by July 2014, a mere nine months from now.[2]

Moreover, even if Zynga continues its allegedly infringing activities during the stay, money damages can adequately compensate PMC if Zynga is later found to infringe a valid PMC patent. Because PMC "does not manufacture or sell any products, or otherwise practice the patent[s], there is no risk of customer losses or of injury to market share during a stay." *Microlinc*, 2010 WL 3766655, at *2; *see also Implicit Networks, Inc. v. Advanced Micro Devices, Inc.*, No. C08-184JLR, 2009 WL 357902, at *3 (W.D. Wash. Feb. 9, 2009) ("Courts have consistently found that a patent licensor cannot be prejudiced by a stay because monetary damages provide adequate redress for infringement."); *Roblar Marketing Group, Inc. v. GPS Indus., Inc.*, 633 F. Supp. 2d 1341, 1347 (S.D. Fla. 2008) (finding "no material prejudice" resulting from stay pending reexamination where patentee did not produce a product, had no substantial operations, and "appears to exist only as a holding company whose only asset is the [patent in suit]").

If this matter is not stayed, Zynga faces extreme prejudice, namely the possibility of being held liable for infringing patents that should never have been granted. The prejudice to Zynga is compounded by the Magistrate Judge's exclusion of the IPRs. The motion *in limine* ruling, based in part on the pending status of the IPRs, deprives Zynga of the opportunity to introduce highly probative evidence of its lack of the requisite intent for induced infringement. *See Commil USA, LLC v. Cisco Sys., Inc.*, 720 F.3d 1361, 1368 (Fed. Cir. 2013) (holding that

---

[2] The Board's decision may be appealed to the Court of Appeals for the Federal Circuit. *See* 35 U.S.C. §§ 141(c), 319. If an appeal is taken, the Court would, of course, be free to reevaluate whether a stay throughout the pendency of the appeal is warranted.

3

"evidence of an accused inducer's good-faith belief of invalidity may negate the requisite intent for induced infringement"), *reh'g denied*, 2012-1042, 2013 U.S. App. LEXIS 21713 (Fed. Cir. Oct. 25, 2013).

After evaluating the submissions of both Zynga and PMC, the Patent Trial and Appeal Board initiated *inter partes* review for all the asserted claims in the patents-in-suit, finding a "reasonable likelihood" that Zynga would prevail with respect to every asserted claim. *See* PTAB's Decisions Instituting IPRs (Exhs. DX 866, DX 868, DX 871, and DX 874). Zynga's decision to file and pursue the IPRs is highly probative of the fact that Zynga has a good faith belief that the patents are invalid. The Board's determination that Zynga has a reasonable likelihood to prevail on all asserted claims is also strong evidence that Zynga's belief in invalidity is well-founded. The motion *in limine* ruling deprives Zynga of this highly probative evidence. Staying the case pending the resolution of the IPRs would resolve Zynga's prejudice, either by invalidating the asserted claims and disposing of the litigation, or by making the IPRs "final." Regardless of which party prevails in the IPR proceedings, the Board's resolution of the issues will serve to streamline the trial in this case.

**B. A Stay Will Simplify the Issues.**

The Board has already determined that there is a "reasonable likelihood" that Zynga will prevail with respect to every claim, of every patent, asserted by PMC in this lawsuit. In fact, the Board found that many of the asserted claims are reasonably likely to be *anticipated* by the prior art. *See* PTAB's Decisions Instituting IPRs (Exhs. DX 866, DX 868, DX 871, and DX 874). It stands to reason that the PTO's resolution of the IPR proceedings is likely to significantly simplify the issues in this case. *See Neste Oil*, 2013 WL 3353984, at *4 (reasoning that "the stricter standard for instituting [*inter partes*] review suggests a greater likelihood that the PTO

4

will cancel at least some of the challenged claims"). Indeed, the IPRs may moot this litigation entirely. *See Fresenius*, 721 F.3d at 1347 (PTO's cancellation of claims moots pending litigation, even if validity and infringement of the same claims have already been litigated). Even if the PTO does not ultimately cancel every claim asserted by PMC, "the [PTO's] insight and expertise regarding the validity of the patents would be of invaluable assistance to [the] court." *E-Watch*, 2013 WL 5425298, at *2.

Furthermore, should Zynga subsequently prevail in the IPR proceedings, even partially, the resulting litigation over the conflicting judgments could consume the parties, and the courts, for years thereafter. *See Fresenius*, 721 F.3d at 1347–48 (Newman, J., dissenting) (commenting that under Federal Circuit precedent, a "later decision of the [PTO] of the issue of validity" may negate "th[e] entire litigation and decisional panoply," including the judgments of trial and appellate courts). By staying this lawsuit pending the PTO's determination in the IPR proceedings, the Court would avoid this unnecessary satellite litigation and waste of judicial resources.

### C. The Case is in its Later Stages, But the Issue of Prejudice to Zynga has Just Arisen.

Zynga acknowledges that jury selection has already been scheduled in this matter, and recognizes that the advanced stage of the proceedings weighs against granting a stay. The ruling by the Court denying Zynga the ability to present evidence of the IPRs in support of its defense to indirect infringement, however, just recently occurred. Thus, despite the advanced stage of the case, the stay issue is ripe. In addition, the state of the case is but one factor. It does not, by itself, outweigh the lack of undue prejudice to PMC, the potential simplification of the issues, and the conservation of judicial resources discussed above. *See Microlinc*, 2010 WL 3766655, at

5

*1 ("Essentially, courts determine whether the benefits of a stay outweigh the inherent costs . . .").

## II.     Conclusion

For the foregoing reasons, Zynga respectfully moves this Court to stay the instant matter and await the PTO's forthcoming decisions reevaluating the patentability of the asserted claims.

Dated: November 8, 2013                    Respectfully submitted,

*/s/ Steven M. Zager*
Steven M. Zager (Lead Attorney)
Texas State Bar No. 22241500
szager@akingump.com
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, New York 10036
Telephone: 212.872.1000
Facsimile: 212.872.1002

Fred I. Williams
Texas State Bar No. 00794855
fwilliams@akingump.com
Akin Gump Strauss Hauer & Feld LLP
300 West Sixth Street, Suite 1900
Austin, Texas 78701
Telephone: (512) 499-6200
Facsimile: (512) 499-6290

Todd Eric Landis
Texas State Bar No. 24030226
tlandis@akingump.com
Akin Gump Strauss Hauer & Feld LLP
1700 Pacific Avenue, Suite 4100
Dallas, Texas 75201
Telephone: 214.969.2743
Facsimile: 214.969.4343

Greg L. Lippetz
California State Bar No. 154228
glippetz@jonesday.com
Jones Day
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone: (650) 739-3939
Facsimile: (650) 739-3900

Krista S. Schwartz
Illinois Bar No. 6238053
ksschwartz@jonesday.com
Jones Day
77 W. Wacker Drive
Suite 3500
Chicago, IL 60601

Telephone: (312) 782-3939
Facsimile: (312) 782-8585

Melissa R. Smith
Texas State Bar No. 24001351
Melissa@gillamsmithlaw.com
Gillam & Smith
303 S. Washington Avenue
Marshall, TX 75670
Telephone:  (903) 934-8450
Facsimile:   (903) 934-9257

**ATTORNEYS FOR DEFENDANT ZYNGA INC.**

**CERTIFICATE OF SERVICE**

The undersigned certifies that the forgoing document was served in compliance with the Federal Rules of Civil Procedure on November 8, 2013.

*/s/ Steven M. Zager*

**CERTIFICATE OF CONFERENCE**

The undersigned certifies that counsel for Zynga Inc. and counsel for Plaintiff conferred in person on November 8, 2013, and Plaintiff indicated that it is opposed to the relief sought by this motion.

*/s/ Steven M. Zager*