# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| PERSONALIZED MEDIA COMMUNICATIONS, LLC <br><br> v. <br><br> ZYNGA, INC. | Case No. 2:12-CV-00068-JRG-RSP |

## MEMORANDUM ORDER

Before the Court is Defendant Zynga Inc.'s Motion To Exclude Portions Of The Expert Report And To Exclude Certain Opinion Testimony Of Stephen L. Becker, Ph.D., Plaintiff's Expert On Damages (Dkt. 143).

## APPLICABLE LAW

An expert witness may provide opinion testimony if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.

Rule 702 requires a district court to make a preliminary determination, when requested, as to whether the requirements of the rule are satisfied with regard to a particular expert's proposed testimony. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999); *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592-93 (1993). District courts are accorded broad discretion in making Rule 702 determinations of admissibility. *Kumho Tire*, 526 U.S. at 152 ("the trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable"). Although the Fifth Circuit and other courts have identified various factors that the district court may consider in determining

whether an expert's testimony should be admitted, the nature of the factors that are appropriate for the court to consider is dictated by the ultimate inquiry—whether the expert's testimony is sufficiently reliable and relevant to be helpful to the finder of fact and thus to warrant admission at trial. *United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010).

Importantly, in a jury trial setting, the Court's role under *Daubert* is not to weigh the expert testimony to the point of supplanting the jury's fact-finding role; instead, the Court's role is limited to that of a gatekeeper, ensuring that the evidence in dispute is at least sufficiently reliable and relevant to the issue before the jury that it is appropriate for the jury's consideration. *See Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1391-92 (Fed. Cir. 2003) (applying Fifth Circuit law) ("When, as here, the parties' experts rely on conflicting sets of facts, it is not the role of the trial court to evaluate the correctness of facts underlying one expert's testimony."); *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 249-50 (5th Cir. 2002) ("'[t]he trial court's role as gatekeeper [under Daubert] is not intended to serve as a replacement for the adversary system.' . . . Thus, while exercising its role as a gate-keeper, a trial court must take care not to transform a *Daubert* hearing into a trial on the merits," quoting Fed. R. Evid. 702 advisory committee note). As the Supreme Court explained in *Daubert*, 509 U.S. at 596, "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002).

## DISCUSSION

Zynga challenges the testimony of PMC's damages expert, Dr. Stephen Becker. Specifically, Zynga alleges that Dr. Becker's analysis violates the entire market value rule ("EMVR") and should be excluded under the *Daubert* standard. (Mot. at 1.)

The EMVR applies "[w]here small elements of multi-component products are accused of infringement." *LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51, 67 (Fed. Cir. 2012). For example, in *Uniloc USA, Inc. v. Microsoft Corp*, the patent-in-suit read on an "activation feature" – a small, distinct portion of a much larger piece of software. 632 F.3d 1292, 1297 (Fed. Cir. 2011). Similarly, in *Lucent Techs., Inc. v. Gateway, Inc.*, the accused technology was a "date picker" – a minuscule, almost insignificant feature in a comprehensive software suite. *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1332 (Fed. Cir. 2009). None of these cases are analogous to the record currently before the Court. PMC alleges that each accused game, as a whole, infringes the patents-in-suit. PMC's expert reports in this case set forth an opinion that the patented technologies represent "foundational aspects of Zynga's games, without which the game itself could not operate." (Becker Rpt. at Par. 146; *see also* Claypool Rpt.) Unlike in *Uniloc*, *LaserDynamics*, and *Lucent*, the accused functionality is not a small, distinct feature but the entire software program.

Zynga also argues that PMC's attempt to limit its base to the "smallest salable patent-practicing units" is not enough. (Dkt. 159 at 3.) It is undisputed by the parties that a proper damages analysis does not begin and end with a determination of the smallest salable unit. But the Court is not persuaded that Dr. Becker could have further divided Zynga's games and revenue and still remained consistent with PMC's theory of infringement, or that Dr. Becker's smallest salable unit is "greater than the patented feature." *See AVM Techs., LLC v. Intel Corp.*, No. 10-610-RGA, 2013 WL 126233 (D. Del. Jan. 4, 2013); *see also Dynetix Design Solutions, Inc. v. Synopsys, Inc*., No. C 11–05973 PSG, 2013 WL 4538210 (N.D. Cal. Aug. 22, 2013). Further, Zynga provides no explanation regarding how further subdivision might be made, given that PMC accuses each entire game of infringement.

Finally, PMC argues that Dr. Becker did, in fact, attempt to apportion the revenue where possible. (Mot. at 13; Dkt. 173 at 3-4.) Zynga entirely fails to address PMC's argument other than claiming that "Zynga did not misrepresent Dr. Becker's opinion." (Dkt. 159 at 5.)

For all the reasons set forth above, the Court finds that Dr. Becker's opinion is sufficiently reliable and relevant to the issue before the jury that it is appropriate for the jury's consideration.

## CONCLUSION

Having considered all of Zynga's objections to Dr. Becker's opinions, Defendant Zynga Inc.'s Motion To Exclude Portions Of The Expert Report And To Exclude Certain Opinion Testimony Of Stephen L. Becker, Ph.D., Plaintiff's Expert On Damages (Dkt. 143) is **DENIED**.

**SIGNED this 8th day of November, 2013.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE