# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| PERSONALIZED MEDIA COMMUNICATIONS, LLC <br><br> v. <br><br> ZYNGA, INC. | Case No. 2:12-CV-00068-JRG-RSP |

## ORDER

Before the Court are a number of remaining pretrial issues.

## I. OCEAN TOMO EXHIBIT

PMC's offers as an exhibit the Ocean Tomo "Patent Quality Inventor Study" (PX 135). This study purports to rank John Harvey (the inventor of the patents in suit) as the "top rated inventor" in the "wireless" invention category. (*Id.*) PMC argues that this exhibit is properly offered as a secondary consideration of nonobviousness – specifically, praise by others. The Court notes that the study does not pertain specifically to any of the patents-in-suit, much less the asserted claims. The Court finds that the probative value of the study is minimal, as it lacks the requisite nexus to the claims at issue in this case. *See, e.g.*, *Demaco Corp. v. F. Von Langsdorff Licensing Ltd.*, 851 F.2d 1387, (Fed. Cir. 1988), *cert. denied*, 488 U.S. 956 (1988). Similarly, the potential for unfair prejudice is high.

The Court also determines that the study does not fall within the exception set forth in Federal Rule of Evidence 803(17), and that it is primarily offered for its truth, and is therefore hearsay.

Accordingly, the Court **SUSTAINS** Defendant's objection to the Ocean Tomo Exhibit (PX 135).

## II. PMC'S MOTION IN LIMINE G

Also before the Court is PMC's Motion in Limine G. (Dkt. 179 at 3-4). The Court finds that although Mr. Crane's testimony may be relevant to damages, there is also a significant risk of improper use of his testimony to present an inaccurate statement of the law of enablement to the jury. (*See, e.g.*, Dkt. 227.) Thus, the Court **GRANTS** PMC's Motion in Limine G and holds that Zynga must approach the bench before proffering Mr. Crane's testimony to the jury.

## III. PMC'S MOTIONS IN LIMINE K AND X

Although the Court orally granted PMC's Motions in Limine K and X at the pretrial conference, the Court notes that the ruling on Motion X was inadvertently left off its written Motion in Limine order, and the ruling on Motion K stated "denied as properly tried to the bench," whereas the Court orally granted the Motion as properly tried to the bench. (*See* Dkt. 213.)[1] Thus, the Court memorializes here its ruling on these Motions. PMC's Motions in Limine K and X are hereby **GRANTED**.

## IV. DEFENDANT ZYNGA INC.'S TRIAL BRIEF ON THE ADMISSIBILITY OF RELATED INTER PARTES REVIEW PROCEEDINGS

The Court finds that while the pending *Inter Partes Review* may have some relevance (*see Commil USA, LLC v. Cisco Sys., Inc.*, 720 F.3d 1361, 1368 (Fed. Cir. 2013)), the Court finds that the danger of undue prejudice is extremely high, and that the danger of unfair prejudice cannot be mitigated simply by the use of a limiting instruction.

---

[1] The Court also notes that in the same order, there was a minor typographical error present with regard to Motion in Limine T – the Order should have read "[c]ontrary to PMC's argument…" This does not change the substance of the ruling.

## V. DEFENDANT ZYNGA INC.'S MOTION TO STAY PENDING RESOLUTION OF CONCURRENT *INTER PARTES* REVIEW PROCEEDINGS

Approximately 7 business hours before the start of jury selection, Zynga moved to stay this case pending resolution of the Inter Partes Review.

Zynga first argues that "PMC Will Not Be Prejudiced By a Stay." (Dkt. 228 at 2.) The Court disagrees – staying the case, for at least half a year, on the eve of trial, in view of a proceeding that has no certain narrowing effect, undoubtedly prejudices any plaintiff, regardless of whether they are a practicing or non-practicing entity. The prejudice to PMC weighs heavily against a stay. Zynga also argues "A Stay Will Simplify the Issues." (*Id*. at 4.) The Court notes that this argument is speculative, and the mere fact that the PTO instituted the IPR to begin with hardly means that the issues in this case will necessarily be simplified by the conclusion of the proceeding. The speculative nature of possible simplification of issues and potential length of the IPR process and appeal weighs against a stay. Finally, the Court finds no merit in Zynga's argument "The Case is in its Later Stages, But the Issue of Prejudice to Zynga has Just Arisen." (*Id*. at 5.) The late stage of the proceeding and Zynga's failure to move to stay the case earlier in the trial process weighs heavily against a stay. Accordingly, the Court **DENIES** Zynga's Motion to Stay (Dkt. 228.)

**SIGNED this 8th day of November, 2013.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE